IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL ALLGOOD, | ) | CASE NO. 1:19-cv-02808 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN TIMOTHY SHOOP, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Petitioner Nathaniel Allgood ("Petitioner" or "Allgood"), proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2254.  His federal habeas petition (hereinafter "Petition") is deemed filed on November 21, 2019, the date he placed it in the prison mailing system.[1]  Doc. 1, p. 16.  Allgood challenges the constitutionality of his convictions and sentence in *State of Ohio v. Nathaniel Allgood*, Case No. 17CR095640 (Lorain County).   Doc. 1.

Following a jury trial in June 2017, Allgood was found guilty of two counts of attempted rape.  Doc. 8-1, pp. 34-35.  After the two counts were merged for sentencing purposes, the trial court sentenced Allgood to ten years to life.  *Id.*

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  On March 27, 2020, Respondent filed his Return of Writ.  Doc. 8.  Following multiple extensions of time to file a Reply, the Court provided Allgood with a final deadline of January 18, 2021.  Doc. 12; Doc. 14.  On February 25, 2021, Allgood filed a document setting forth

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Allgood's Petition was docketed in this Court on November 27, 2019.  Doc. 1.

argument in support of his Petition.  Doc. 15.  Although filed after the January 18, 2021,

deadline, the undersigned has considered the arguments raised by Allgood in his February 25,

2021, filing when issuing this report and recommendation.

For the reasons set forth below, the undersigned recommends that the Court **DISMISS**

and/or **DENY** Allgood's Petition.

## I.      Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. §

2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing

evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S.

Ct. 2878 (2009).  The Ninth District Ohio Court of Appeals summarized the facts underlying

Allgood's convictions as follows:

> {¶2} On January 12, 2017, A.S. returned home from work and found
> Mr. Allgood, his girlfriend's father, intoxicated and lying on the couch. A.S.
> decided to take a nap in an upstairs room, leaving his girlfriend D.H., their infant
> son, Mr. Allgood, and the couple's toddler son A.K.S. downstairs.
> Shortly thereafter, A.S. became concerned and decided to look around the house
> for Mr. Allgood and A.K.S. He found Mr. Allgood in a bathroom with A.K.S.
> Mr. Allgood held his genitals in one hand and his other hand rested on the
> toddler's neck. A.K.S.'s pull-up diaper had been completely removed. A.S.
> removed A.K.S. from the room, called for D.H., and physically attacked
> Mr. Allgood.
>
> {¶3} D.H. called the police to report a suspected sexual assault. Mr. Allgood was
> arrested and charged with two counts of attempted rape in violation of R.C.
> 2907.02(A)(1)(b) and R.C. 2907.02(A)(2), respectively. Each rape charge was
> accompanied by a penalty enhancement specifying that the victim was under ten
> years of age, as provided by R.C. 2907.02(B). Mr. Allgood was also charged with
> two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and R.C.
> 2907.05(B), respectively. Before the scheduled trial date, the State dismissed one
> count of gross sexual imposition, and the trial court allowed the State to amend
> the other count to attempted gross sexual imposition. The trial court also granted
> Mr. Allgood's motion in limine to exclude references to his criminal record.

{¶4} During the jury trial of this case, A.S. testified that he was surprised to find Mr. Allgood at his home on the date in question. During cross-examination, defense counsel asked A.S. whether he was angry because Mr. Allgood disapproved of his relationship with D.H. A.S. denied it, then volunteered that he did not like having Mr. Allgood around because "he got sexual assaults towards his own daughter." Defense counsel moved for a mistrial; the trial court denied the motion and offered a curative instruction instead. Defense counsel moved for a mistrial again, however, based on the substance of the curative instruction. The trial court also denied that motion and provided a second curative instruction.

*State v. Allgood*, 2019-Ohio-738, ¶¶ 2-4, 2019 WL 1028038, * 1 (Ohio App. Ct. Mar. 4, 2019);

Doc. 8-1, pp. 88-89.

## II.      Procedural Background

### A.  State conviction

On February 16, 2017, a Lorain County Grand Jury indicted Allgood on two counts of attempted rape (R.C. 2923.02(A)/2907.02 (A)(1)(b)) and R.C. 2923.02(A)/2907.02(A)(2)), second degree felonies, with each count including a specification that the victim was under ten years of age or the offender attempted to commit rape by purposely compelling the victim to submit by force or threat of force, and the offender was sixteen years of age at the time of the offense (Counts One and Two).  Doc. 8-1, pp. 3-4.  The grand jury also indicted Allgood on two counts of gross sexual imposition (R.C. 2907.05(A)(4)) and 2907.05(B)), third degree felonies (Counts Three and Four).  The minor victim was Allgood's two-year old grandson. Doc. 8-1, p. 130.

Prior to trial, the State dismissed one count of gross sexual imposition (Count Four) and, with the approval of the trial court, the State amended the other count of gross sexual imposition to attempted gross sexual imposition (Count Three).  Doc. 8-1, p. 6; Doc. 8-1, p. 89, ¶ 3.  Also,

the trial court granted Allgood's motion in limine to exclude references to his criminal record.
Doc. 8-1, p. 89, ¶ 3.

The jury trial commenced on June 15, 2017.  Doc. 8-1, p. 157.  During cross-examination
of Anthony Sims ("Sims"), the following exchange occurred:

Q. So you started off by saying you came home, and you're pissed that my client, the
grandfather . . . is at your house; right?

A. Um-hum.

Q. Is that because my client doesn't think you're good for his daughter?

A. No. Just because he always at the house drunk, and he got sexual assaults towards his
own daughter; so that's why I don't like him around.

Doc. 8-1, pp. 325-326.

Trial counsel objected and moved for a mistrial.  Doc. 8-1, pp. 89, 327-336.  The trial
court overruled the motion but provided a curative instruction to the jury and instructed the
witness regarding testimony about a prior criminal record.  Doc. 8-1, pp. 89, 333-338.  Trial
counsel objected again based on the trial court's curative instructions.  Doc. pp. 89, 338-343.
The trial court overruled the objection.  Doc. 8-1, p. 343.  The trial court, however, provided
another curative instruction.  Doc. 8-1, pp. 89, 344-345.  The examination of Sims continued.
Doc.  8-1, pp. 345-358.

The trial continued the following day, June 16, 2017.  Doc. 8-1, pp. 365-411.  When the
state rested its case, Allgood's counsel made a Rule 29 motion for acquittal that the trial court
denied.  Doc. 8-1, pp. 425-437.  Thereafter, the defense rested its case.  Doc. 8-1, pp. 437-438.
Allgood's counsel then renewed Allgood's Rule 29 motion.  Doc. 8-1, pp. 441-442.  The trial
court denied the motion.  Doc. 8-1, p. 443.  The court then discussed jury instructions with

counsel and called the jury back for closing arguments and instructing the jury.  Doc. 8-1, pp.

443-515.  Following deliberations, the jury returned guilty verdicts on Counts One and Two,

including the specifications on those counts and a not guilty verdict on Count Three.  Doc. 8-1,

pp. 515-519.  Defense counsel indicated he wanted to make another oral Rule 29 motion.  Doc.

8-1, p. 525.  The trial court provided defense counsel with a briefing schedule to supplement his

motion for acquittal.  Doc. 8-1, pp. 525-526, 529-531.

On June 18, 2017, Allgood's counsel filed a motion for reconsideration for mistrial.  Doc.

8-1, pp. 7-11.  And, on June 22, 2017, Allgood's counsel filed a written Rule 29 motion for

acquittal.  Doc. 8-1, pp. 12-15.  The motions were briefed.  Doc. 8-1, pp. 15-26, 27-33.  At the

sentencing hearing held on October 2, 2017, Allgood was represented by new counsel who had

assumed representation for Allgood.  Doc. 8-1, p. 352.   The trial court heard further argument

regarding the motions.  Doc. 8-1, pp. 352-544.  The trial court denied both motions.  Doc. 8-1,

pp. 545-551.  Thereafter, the trial court provided an explanation of Allgood's duties to register as

a sex offender and sentenced Allgood to ten years to life on Count One.[2]  Doc. 8-1, pp. 34-35,

36-37, 551-565.  The judgment entry of conviction and sentence was journalized on October 4,

2017.  Doc. 8-1, p. 34.

## B.  Direct appeal

On November 2, 2017, Allgood, through counsel, filed a notice of appeal with the Ninth

District Court of Appeals.  Doc. 8-1, p. 38.  In his appellate brief (Doc. 8-1, pp. 39-63), Allgood

raised the following three assignments of error:

1.      The State of Ohio failed to introduce sufficient evidence to prove beyond a
        reasonable doubt that appellant committed attempted rape.

---

[2] Count Two was merged with Count One for purposes of sentencing and the State elected to proceed with
sentencing on Count One.  Doc. 8-1, pp. 34-35.

2.      The conviction for attempted rape was against the manifest weight of the evidence.

3.      The trial court abused its discretion and violated the Appellant's right to due process and a fair trial by failing to grant his motion for mistrial.

Doc. 8-1, pp. 43, 49-60.  The State filed its appellate brief, (Doc. 8-1, pp. 64-87), and on March 4, 2019, the Ninth District Court of Appeals affirmed Allgood's conviction (Doc. 8-1, pp. 88-101).

On April 12, 2019, Allgood, acting pro se, filed a notice of appeal with the Supreme Court of Ohio (Doc. 8-1, pp. 102-103) and memorandum in support of jurisdiction (Doc. 8-1, pp. 104-122).  In his memorandum in support of jurisdiction, Allgood presented the following propositions of law:

1.      The State of Ohio "failed" to introduce sufficient evidence to prove beyond a reasonable doubt that I committed attempted rape.

2.      The conviction for attempted rape was against the manifest weight of the evidence.

3.      The trial court abused its discretion and violated my rights to due process and a fair trial by failing to grant my motion for mistrial.

Doc. 8-1, p. 105.  The State of Ohio filed a Waiver of Memorandum in Response.  Doc. 8-1, pp. 123-124.   On May 29, 2019, the Supreme Court of Ohio declined to accept jurisdiction of Allgood's appeal.  Doc. 8-1, p. 125.

## C.  Federal habeas corpus

In his Petition, Allgood raises the following four grounds for relief:

> **GROUND ONE**: The State did not introduce sufficient evidence of (attempted rape) pursuant to R.C. 2923.02, when presented mere suspicion.
>
> **Supporting Facts**: Adequate review of Officer's Thompson (#2660), 1-12-17, report shows that Petitioner was highly prejudice against, as he was intoxicated when the claim incident took place.  Testimony of the victim's Father is very contra as eleminates [sic] fail to meet statutory requirements.

6

The alleged victim's Father testified he was bias towards Petitioner, showing prejudice.

**GROUND TWO**:  The conviction is against the manifest weight of evidence upon circumstantial and primary witness did demonstrate bias.

**Supporting Facts**: As the victim's Father testified (He was biased towards Petitioner) contrary statements within police reports and trail [sic] transcript, page 11,  12, the manifest weight of evidence is obvious, and has been overlooked by appellate counsel, and court.  The alleged act of the criminal offense is not sufficient to qualify as attempted.

**GROUND THREE**: Petitioner's constitutional right to due process and a fair trial when witness testified of prior sexual assault.

**Supporting Facts**: Constitutional Rights To Due Process; Effective Assistance of Both Counsels have been maliciously violated.

**GROUND FOUR**: Trial court's curative instruction to the jury was inaccurate, incomplete and did not cure the unfair prejudice of the prior bad act testimony.

**Supporting Facts**: The granting of the defense motion in limine was violated was [sic] the victim's Father gave testimony of his being bias towards Petitioner, as commenting at the preliminary hearing that Petitioner had committed prior criminal acts.  Because of the propensity to commit criminal acts, or deserved punishment, adequate review of Police Officer Thompson (#2660), 1/12/17, report, as Detective C. Kovach (#958), of 2/17/17, @ 1030, hours, show that Petitioner was not given a fair trial.

Doc. 1, pp. 5-9.

### III.    Law and Analysis

#### A.  Standard of review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### B. Grounds for Relief

In his four grounds for relief, Allgood argues that his convictions are not supported by sufficient evidence; his convictions are against the manifest weight of the evidence; and his constitutional rights were violated because a witness testified as to alleged prior bad acts and the trial court's curative instruction did not cure the unfair prejudice caused by the prior bad act testimony.  Doc. 1, pp. 5-9.

In the supporting facts section in Grounds Two and Three, Allgood refers generally to the conduct or effectiveness of counsel.  Doc. 1, p. 7 ("the manifest weight of the evidence is obvious, and has been overlooked by appellate counsel, and court[]"); Doc. 1, p. 8 ("effective assistance of both counsels have been maliciously violated[]"); Doc. 15, p. 1 ("I was unjustly . . . found guilty by . . . inef[f]ective counsel[]") (emphasis in original).  Assuming arguendo that Allgood he is attempting to raise ineffective assistance of counsel claims in this federal habeas proceeding, for the reasons explained below, any such claims are not properly before this Court.

A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6  (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v.*

*Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Further, "[i]ssues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."  *Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999) (a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement).

In his memorandum in support of jurisdiction, Allgood asserted that his counsel did not "help [him] at 'all'" at trial.  Doc. 8-1, p. 106.  However, any alleged ineffective assistance of counsel was not raised as a stand-alone constitutional claim.  Furthermore, it was not presented at every level of the state courts.  Thus, while included in his federal habeas petition as "supporting facts," since Allgood did not fairly present or exhaust claims of ineffective assistance of counsel in the state courts, any such the claims are not properly before this Court and are not considered herein.

### C.  Grounds One and Two

In Ground One, Allgood argues that there is insufficient evidence to support his convictions.  Doc. 1, p. 5.   In Ground Two, Allgood argues that his convictions are against the manifest weight of the evidence.  Doc. 1, p. 7.

#### a.        Manifest weight of the evidence

"A 'manifest weight of evidence' claim, which is based on a state law concept that 'is both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding[.]" *Brown v. Moore*, 2008 WL 4239160, *2, 8-9 (S.D. Ohio 2008) (footnote 2 omitted) (citing and relying on 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)).  Accordingly, the undersigned recommends that the Court **DISMISS** Allgood's manifest weight of the evidence claim in Ground Two as not cognizable on federal habeas review.

#### b.        Sufficiency of the evidence

Unlike a manifest weight of the evidence claim, a sufficiency of the evidence claim is cognizable on federal habeas review.  *See In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

In reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).   Under this standard, deference is due the jury's determination.  *Brown v. Konteh*, 567

F.3d 191, 205 (6th Cir. 2009).  The focus is not whether the trier of fact made the correct guilt or innocence determination but, rather, whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993).   Thus, in making a determination as to sufficiency of the evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury."  *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003).   "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence").

On federal habeas review, an additional layer of deference applies.  *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S.Ct. 2060, 182 L.Ed.2d 978 (2012) (reaffirming that sufficiency of the evidence claims under *Jackson* "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference").   Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable."  *Brown*, 567 F.3d at 205 (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original)*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

In rendering its decision, the state court of appeals addressed Allgood's sufficiency claim, stating:

> {¶6} Mr. Allgood's first assignment of error is that his conviction for attempted rape is not supported by sufficient evidence because the State did not introduce evidence that his behavior constituted a substantial step toward engaging in sexual conduct with A.K.S.

> {¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–

6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶8} R.C. 2907.02(A)(1)(b) provides that "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(2) provides that "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Each form of committing the offense of rape requires "sexual conduct," which is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A).

{¶9} An "attempt" is "conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Such conduct must " 'constitut[e] a substantial step in a course of conduct planned to culminate in [the] commission of the crime.' " (Alterations added.) *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 95, quoting *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus. In order for conduct to rise to the level of a substantial step, it must be " 'strongly corroborative of the actor's criminal purpose.' " *Group* at ¶ 95, quoting *Woods* at paragraph one of the syllabus.

{¶10} When a defendant is charged with attempted rape, the defendant's conduct must demonstrate the purpose to commit rape: it must be a substantial step toward engaging in sexual *conduct*, not merely sexual *contact*. *State v. Davis*, 76 Ohio St.3d 107, 114 (1996). "Attempted rape requires that the actor * * * commit some act that " 'convincingly demonstrate[s]' " the intent "to engage in sexual conduct, as defined by statute." *Id.*, quoting *State v. Heinish*, 50 Ohio St.3d 231, 239 (1990), quoting *Woods*, 48 Ohio St.2d at 132. The removal of a victim's clothing standing alone, for example, is insufficient evidence of attempted rape. *Davis* at 114. *See also Heinish* at 238-239. Additional evidence that demonstrates that the defendant intended to commit rape—as opposed to another sexual offense—is also required. *Davis* at 114. See also *State v. Brown*, 8th Dist. Cuyahoga No. 98540, 2013-Ohio-1982, ¶ 21 (sufficient evidence of the intention to commit rape existed when the defendant was found standing over the victim, attempting to remove her pants, with his own pants partially removed); *State v. Lucas*, 5th Dist. Tuscarawas No. 2005AP090063, 2006-Ohio-1675, ¶ 23-25 (sufficient evidence of attempted rape existed when the defendant voiced his desire to have sex with the victim and attempted to remove the victim's pants during a struggle). *Compare State v. Jones*, 8th Dist. Cuyahoga No. 82978, 2004-Ohio-512, ¶ 20-22 (evidence indicating that the defendant grabbed the victim by the back of the neck, held a knife to her throat, and

ordered her to remove her clothing was not sufficient to demonstrate attempt to commit rape).

{¶11} "The act required need not constitute the last possible event short of completing the crime," however. *State v. Hartsook*, 9th Dist. Summit No. 14769, 1991 WL 35137, *2 (Mar. 6, 1991), citing *State v. Farmer*, 156 Ohio St. 214, 216 (1951) and *State v. Brooks*, 44 Ohio St.3d 185, 190 (1989). In addition, for purposes of R.C. 2907.02(A)(1)(b), the defendant's conduct should be considered in light of the tender age of the victim. *See, e.g.*, *State v. Powell*, 49 Ohio St.3d 255, 261 (1990) (concluding that "ordering this seven-year-old child to take off her clothes strongly corroborates [the defendant's] criminal purpose to engage in sexual conduct with her.").

{¶12} In this case, there is sufficient evidence that, when viewed in the light most favorable to the State, demonstrates that Mr. Allgood's actions constituted a substantial step toward engaging in sexual conduct with A.K.S. The child's father, A.S., testified that after he went upstairs to lie down, he heard Mr. Allgood say, "Give me a real hug, give me a real hug" three or four times. A.S. recalled that something about the situation made him uncomfortable, so he got up and walked around the house looking for Mr. Allgood and A.K.S. A.S. noted that the house was quiet at the time. He testified that after searching most of the house and looking outside, he walked toward a small bathroom. Once there, he found Mr. Allgood and A.K.S. behind the door, visible through the crack between the door and the doorframe. A.S. emphasized that had they been using the toilet, they would have been visible from the doorway itself.

{¶13} A.S. testified that when he found Mr. Allgood and A.K.S., A.K.S.'s pull-up diaper had been completely removed, and Mr. Allgood held his own penis in one of his hands. He recalled that Mr. Allgood's other hand was on A.K.S.'s neck and shoulders with Mr. Allgood's fingers wrapped behind the two-year-old boy's neck. A.S. estimated A.K.S.'s height at the time of the incident relative to his own height of five feet, nine inches as about the level of the bottom of a pocket on his jeans. At trial, A.S. and the counsel for the State demonstrated the relative positions in which A.S. found Mr. Allgood and A.K.S. in the bathroom, although a description of this demonstration has not been preserved as part of the record. A.S. also testified that after his physical altercation with Mr. Allgood that followed, he asked, "why did [you] do it[?]" and Mr. Allgood "said he didn't know." Although Mr. Allgood reacted to A.S.'s appearance by insisting that he was helping A.K.S. to toilet train, A.S. testified that A.K.S. was capable of using his training toilet independently at the time, that his training toilet was undisturbed in the location where it was stored, and that it was apparent that the bathroom toilet had not recently been used.

{¶14} "Sexual conduct," as used in R.C. 2907.02(A), includes fellatio. R.C. 2907.01(A). One could reasonably infer from A.S.'s testimony and the accompanying demonstration that he found Mr. Allgood, who held his penis in his hand, at a distance less than arms' length from A.K.S., and that Mr. Allgood's hand rested behind the child's neck and shoulder. From this testimony, the trier of fact could reasonably conclude beyond a reasonable doubt that Mr. Allgood's conduct constituted a substantial step toward engaging in sexual conduct with A.K.S. and, therefore, attempted rape.

{¶15} Mr. Allgood's first assignment of error is overruled.

*Allgood*, 2019 WL 1028038, * 1-3; Doc. 8-1, pp. 90-94.

In arguing for federal habeas relief, Allgood argues, as he did in state court, that there was not sufficient evidence of attempted rape; only mere suspicion. *See e.g.*, Doc. 1, pp. 5, 13-15; Doc. 8-1, p. 53.   He asserts that he was prejudiced against because the victim's father was biased against him and was lying about what occurred and that he, Allgood, was intoxicated at the time of the incident.  Doc. 1, pp. 5, 13-15; Doc. 15, p. 2; Doc. 15-1, pp. 1-2.

To the extent that Allgood contends that there was not enough direct evidence to connect him to the crimes, "[c]ircumstantial evidence alone is sufficient to support a conviction[.]" *Johnson*, 200 F.3d at 992; *see also Durr*, 487 F.3d at 449 ("circumstantial evidence is entitled to equal weight as direct evidence").   Furthermore, Allgood's argument amounts to a request that this federal habeas court reweigh the evidence or evaluate the credibility of the witnesses.  For example, Allgood asserts that "the credibility of the State's Witness Mr. Anthony Sims must be questioned as he admitted to the trial court and jury that he (Sims) was very bias towards the petitioner[]" and Sims "merely lied . . . because [he] disliked Petitioner[.]"  Doc. 1, p. 15 (emphasis in original); *see also* Doc. 15-1, p. 2 ("Anthony Sims is just <u>lying</u> cause <u>he</u> think I was trying to hook my daughter up with someone else!") (emphasis in original).  However, as discussed above, in making a determination as to sufficiency of the evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the [trier of fact]."  *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003).

The jury considered the evidence and evaluated the credibility of the victim's father's testimony as well as that of other witnesses.  Having done so, the jury found Allgood guilty of

the attempted rape charges.  Deference is due the jury's determination.  *Brown*, 567 F.3d at 205.
The focus is not whether the trier of fact made the correct guilt or innocence determination but,
rather, whether it made a rational decision to convict or acquit.  *Herrera*, 506 U.S. at 402.  Here,
Allgood has not demonstrated that the jury's decision to convict Allgood of attempted rape based
on the evidence before it at trial was not rational.

      Moreover, as more fully detailed above, applying the proper sufficiency of the evidence
standard, the state court of appeals addressed Allgood's sufficiency argument and found it to be
without merit. Doc. 8-1, pp. 90-94, ¶¶ 6-15.  The court of appeals concluded that, from the
testimony presented to the jury, "the trier of fact could reasonably conclude beyond a reasonable
doubt that Mr. Allgood's conduct constituted a substantial step toward engaging in sexual
conduct with A.K.S. and, therefore, attempted rape."  Doc. 8-1, p. 94, ¶ 14.  In reaching this
decision, the court of appeals detailed the evidence which it found was sufficient to support the
convictions.  Doc. 8-1, pp. 93-94, ¶¶ 12-14.

      As discussed above, on federal habeas review, two layers of deference apply.
Accordingly, even if this Court were to conclude that a rational trier of fact could not have found
petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate
court's* sufficiency determination as long as it is not unreasonable."  *Brown*, 567 F.3d at 205
(citing 28 U.S.C. § 2254(d)(2)) (emphasis in original)*; see also White v. Steele*, 602 F.3d 707,
710 (6th Cir. 2009).

      Allgood has not argued or shown that the state court of appeals unreasonably concluded
that there was sufficient evidence to support his convictions.  Nor has he shown that the state
court of appeals' sufficiency determination was contrary to or an unreasonable application of
clearly established federal law, as required under AEDPA.

Based on the foregoing, the undersigned concludes that federal habeas relief is not warranted based on Allgood's sufficiency of the evidence claim and therefore recommends that the Court **DENY** Allgood's sufficiency of the evidence claim in Ground One.

### 1. Grounds Three and Four

In Grounds Three and Four, Allgood raises issues regarding the admissibility of prior bad acts evidence and the curative instructions provided by the trial court.  Doc. 1, pp. 8-10.  These issues were raised and considered by the court of appeals in connection with Allgood's argument in state court that the trial court abused its discretion and violated Allgood's right to due process and a fair trial by failing to grant his motion for a mistrial.  Doc. 8-1, pp. 97-100.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted)).

Generally, therefore, "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw,* 699 F.3d 908, 923 (6th Cir. 2012).  Habeas courts presume that the Ohio state courts correctly interpret Ohio evidence law in their evidentiary rulings. *Small v. Brigano,* No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005.)  Nonetheless, state-court evidentiary rulings may "rise to the level of due process violations [if] they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("When an

evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief."). Yet, "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Bugh*, 329 F.3d at 512 (citing *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

When presented with the testimony by the victim's father regarding alleged prior sexual assaults committed by Allgood towards his daughter, the trial court granted the motion to strike the testimony regarding prior sexual assaults and provided curative instructions; the trial court did not declare a mistrial. Doc. 8-1, pp. 333, 337.

In his appeal, Allgood argued that the victim's father's testimony regarding the alleged prior sexual assaults was inadmissible under Ohio Evid. R. 404(B) and highly prejudicial; the trial court's curative instructions did not cure the unfair prejudice of prior bad act testimony; and the trial court violated Allgood's right to due process and fair trial by not declaring a mistrial when the testimony was offered in violation of the motion in limine prohibiting such testimony. Doc. 8-1, pp. 56-60. These claims are reiterated in Grounds Three and Four of Allgood's Petition. Doc. 1, pp. 8-10.

To the extent that Allgood seeks federal habeas relief based on a violation of a state evidentiary rule, he fails to state a claim upon which federal habeas relief may be granted.

With respect to his claim that his right to due process and fair trial was violated, the state court of appeals considered Allgood's claim unavailing. In doing so, the state court of appeals stated:

> {¶23} In his third assignment of error, Mr. Allgood argues that the trial court abused its discretion by denying his motion for a mistrial after A.S. testified to matters excluded by the trial court in limine. This Court does not agree.

> {¶24} A mistrial must be declared "only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991), citing *Illinois v. Somerville*, 410 U.S. 458, 462-463 (1973) and *Arizona v. Washington*, 434 U.S. 497, 505-506 (1978). Because "the trial judge is in the best position to determine whether the situation in [the] courtroom warrants the declaration of a mistrial[,]" the decision is one committed to the discretion of the trial court. *State v.*

*Glover*, 35 Ohio St.3d 18, 19 (1988). This Court reviews the denial of a motion for mistrial for an abuse of discretion. *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 6, citing *State v. Patel*, 9th Dist. Summit No. 24024, 2008-Ohio-4692, ¶ 46. "In analyzing whether a defendant was deprived of a fair trial, an appellate court must determine whether, absent the improper remarks, the jury would have found the appellant guilty beyond a reasonable doubt." *Columbus v. Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, ¶ 42 (10th Dist.), citing *State v. Maurer*, 15 Ohio St.3d 239, 267 (1984).

{¶25} When a defendant moves for a mistrial after testimony related to "other crimes, wrongs, or acts" under Evid.R. 404(B), a trial court does not abuse its discretion by denying the motion if the reference to other acts was brief and isolated, the remarks were followed by a curative instruction, and the likelihood of prejudice is low. *See State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 174-175, citing *State v. Garner*, 74 Ohio St.3d 49, 59 (1995) and *State v. Treesh*, 90 Ohio St.3d 460,483 (2001). In such cases, this Court presumes that the jury follows the trial court's instructions. *See State v. Loza*, 71 Ohio St.3d 61, 75 (1994), citing *State v. Henderson*, 39 Ohio St.3d 24, 33 (1988).

{¶26} In this case, the reference to impermissible evidence under Evid.R. 404(B) was brief, and counsel for Mr. Allgood objected immediately:

> Q: So you started off by saying you came home, and you're pissed that my client, the grandfather of [A.K.S.], is at your house; right?
>
> A: Um-hum.
>
> Q: Is that because my client doesn't think you're good for his daughter?
>
> A: No. Just because he always at the house drunk, and he got sexual assaults towards his own daughter; so that's why I don't like him around.[1]
>
> > FN 1 Although the circumstances that precipitated A.S.'s statement are not entirely clear from the record, it appears that A.S. had demonstrated that he was inclined to make statements harmful to Mr. Allgood during a previous court appearance, thus leading to the motion in limine. Nonetheless, it also appears that both the State and defense counsel were caught off guard by A.S.'s actual statement during trial.

After a lengthy discussion with counsel at sidebar, the trial court sustained the objection, instructed the jury to disregard the statement made by A.S, and took the further step of informing the jury that the statement made by A.S. "may, in fact, not be accurate or truthful." To the extent that Mr. Allgood alleges error in connection with the substance of the curative statements, this Court notes no abuse of discretion on the part of the trial court. The trial court's ruling on the motions for a mistrial and the lengthy curative instructions demonstrate that the trial court wrestled with the potential impact of A.S.'s statement, balancing it with the " 'ends of public justice.' " *Somerville* at 463. *See*

*also Glover* at 19. The trial court's statements bear no indication of an abuse of discretion. *See generally Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996) (noting that an abuse of discretion is demonstrated by a "result [that] must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.").

{¶27} This was also not a situation in which the defendant was deprived of the possibility of a fair trial. "In determining whether a defendant was deprived of a fair trial, a court must determine whether, absent the error or irregularity, 'the jury would have found the appellant guilty beyond a reasonable doubt.' " *State v. Edwards*, 9th Dist. Summit No. 28164, 2017-Ohio-7231, ¶ 13, quoting *Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, at ¶ 42. In this case, then, the question is whether the jury would have found Mr. Allgood guilty of attempted rape had A.S.'s statement not been made. *See State v. Knight*, 9th Dist. Wayne No. 15AP0019, 2016-Ohio-8505, ¶ 9. Given the evidence against him, as noted in this Court's discussion of Mr. Allgood's first and second assignments of error, this Court cannot attribute Mr. Allgood's conviction to A.S.'s statement. *See id.*

{¶28} The trial court, therefore, did not abuse its discretion by denying Mr. Allgood's motion for a mistrial. His third assignment of error is overruled.

*Allgood*, 2019 WL 1028038, * 5-6; Doc. 8-1, pp. 97-100.

As indicated above, "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Bugh*, 329 F.3d at 512 (internal citations omitted) (finding "no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence[]"). Here, Allgood fails to explain or demonstrate how the evidentiary ruling made by the trial court was so egregious in light of the evidence before the trial court such that it resulted in a denial of fundamental fairness. Additionally, he has failed to argue or demonstrate that the state court of appeals' determination resulted in a decision that was contrary to or an unreasonable application of clearly established federal law.

Considering the foregoing, the undersigned recommends that the Court **DISMISS** Grounds Three and Four to the extent they are premised on an alleged violation of state law because such a

claim is non-cognizable on federal habeas review.  Also, since Allgood has failed to argue or demonstrate how the state court of appeals' determination regarding his other acts evidence claim resulted in a decision that was contrary to or an unreasonable application of clearly established federal law, the undersigned recommends that the Court **DENY** Grounds Three and Four on the merits.

## IV.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** and/or **DENY** Allgood's Petition (Doc. 1).


*/s/ Kathleen B. Burke*

Dated: March 15, 2021

Kathleen B. Burke
United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).