IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATHANIEL ALLGOOD,** | **CASE NO. 1:19-CV-02808** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **MAGISTRATE JUDGE KATHLEEN B. BURKE** |
| **WARDEN TIMOTHY SHOOP,** | |
| | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke (Doc. No. 16), which recommends that the Court dismiss and/or deny the Petition for Writ of Habeas Corpus (Doc. No. 1) of Petitioner Nathaniel Allgood ("Allgood"). Allgood has filed a Motion to Object to Report & Recommendation ("Objections"), which the Court construes as objections to the R&R. (Doc. No. 17.) For the following reasons, Allgood's Objections (Doc. No. 17) are OVERRULED, the Magistrate Judge's Report & Recommendation (Doc. No. 16) is ADOPTED, and the Petition (Doc. No. 1) is DISMISSED and/or DENIED.

I. **Standard of Review**

When objections are made to a Magistrate Judge's report and recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b)(3) provides in pertinent part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

"A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). A general objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's recommendation" is not sufficient. *Id.* Instead, a general objection is treated as no objection at all and results in only clear error review. *Travis v. Smith*, No. 1:09 CV 2187, 2011 WL 1431319, at *1 (N.D. Ohio Apr. 14, 2011).

**II.    Analysis**

In the Magistrate Judge's R&R, she concludes that all of the grounds raised in the Petition should either be dismissed as non-cognizable on federal habeas review or denied on the merits. (Doc. No. 16.) In his Objections, Allgood does not identify any specific errors committed by the Magistrate Judge. (*See* Doc. No. 17.) Instead, Allgood generally states: "Rather than reiterate the same issues Petitioner has raised in his habeas petition he respectfully request[s] that the Magistrate and Judge 'review all of the merits of this case,' [and] 'reverse the judgment of the state courts,' as Petitioner has been maliciously denied his constitutional rights to a fundamental fair jury trial." (*Id.*)[1]

---

[1] Allgood also requests that the Court take into consideration the fact that he has been diagnosed with cancer and is undergoing chemotherapy. (Doc. No. 17-1.) However, he has not shown how this is relevant to any of the Magistrate Judge's recommendations with respect to any of the claims raised in his Petition.

2

Because Allgood has failed to pinpoint those portions of the R&R that are in dispute and has raised only a general objection, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the R&R. *See Travis*, 2011 WL 1431319, at *1. The Court has reviewed the R&R and found no clear error, and, therefore, the Court accepts the Magistrate Judge's R&R. The Court hereby dismisses and/or denies the Petition for the reasons stated by the Magistrate Judge in the R&R, which is incorporated herein by reference.

### III. Conclusion

For the reasons set forth above, Allgood's Objections (Doc. No. 17) are OVERRULED. Accordingly, the Magistrate Judge's Report & Recommendation (Doc. No. 16) is ADOPTED, and the Petition (Doc. No. 1) is DISMISSED and/or DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: May 25, 2021

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE